**Khalil Mousa HASSAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75071.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 12, 2007.

Namir M. Daman, Daman & Daman, Oak Park, MI, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Kristin K. Edison, Esq., Alison Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Khalil Mousa Hassan, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility finding. Hassan's testimony was internally inconsistent and inconsistent with his asylum application and documents that he submitted regarding

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

matters that go to the heart of his claim, including whether he was physically abused while in Hezbollah custody, and whether he was in Cyprus at the time he claims to have fled to southern Lebanon to escape the Syrian army. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004).

Because Hassan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Hassan's claim under the CAT is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered in making a CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.